IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEYBI DANILO CARRILLO GONZALEZ,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security, et al.,<br><br>Respondents. | 8:26-CV-583<br><br>ORDER |

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. The petition will be denied.

The petitioner was admitted to the United States on an H-2B visa[1] in May 2003. Filing 8 at 3. That visa expired on May 20, 2003. Filing 8 at 3; filing 802 at 2. In March 2011, the petitioner was arrested in Des Moines, Iowa, and convicted and sentenced on state charges. Filing 8 at 4; filing 14-2 at 2. He was also served with an immigration warrant and notice to appear. Filing 8 at 4. He applied to adjust status and for asylum, but those proceedings were terminated without prejudice in 2023 and his application to adjust status was administratively closed. Filing 8 at 4; filing 14-2 at 2-3.

On January 25, 2026, the petitioner was arrested in Polk County, Iowa and ultimately convicted of DUI, for which he served 99 days in jail. Filing 8 at 4; filing 14-2 at 5-20. On May 5—presumably upon his release from state custody—he was taken into ICE custody, served with a notice to appear, and

---

[1] An H-2B visa is for someone coming temporarily to the United States to perform nonagricultural work of a temporary or seasonal nature. *See* 8 C.F.R. § 214.2(h)(1)(ii)(D).

placed in removal proceedings. Filing 8 at 4; filing 8-1; filing 8-2. On August 20, an immigration judge denied the petitioner bond, finding that he was a danger to the community. Filing 8 at 4; filing 14-1.

The petitioner alleges that his continued detention is unlawful and requests "an individualized determination of whether detention is necessary." Filing 1 at 7. But the plaintiff was already afforded a bond hearing pursuant to 8 U.S.C. § 1226(a), and was detained because he was found to be a danger to the community. *See* filing 8-3. Nothing in the record suggests that the petitioner didn't receive all of the process to which he was due. *See* filing 1; filing 11; *Singh v. Sommer*, No. 7:26-CV-5013, 2026 WL 2042296 (D. Neb. July 15, 2026); *see also Lopez Garcia v. Bondi*, No. 0:26-CV-1513 (D. Minn. Mar. 2, 2026). And of course, this Court cannot review the immigration judge's decision. *See Gvritishvili v. Mullin*, No. 4:26-CV-3123, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026). The petitioner's remedy is with the Board of Immigration Appeals, not this Court. Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 22nd day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge